**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAY SPAULDING | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: 14-2936 |
| FIRCROFT INTERNATIONAL, INC. | § | |
| and | § | |
| FIRCROFT, LLC | § | |
| *Defendants*. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT FIRCROFT, LLC'S**
**<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

This is a breach of contract case where Plaintiff Ray Spaulding ("Plaintiff")
claims that Defendants Fircroft International, Inc. ("Fircroft International") and
Fircroft, LLC (jointly referred to as "Defendants") breached the employment
contract's payment terms. Defendant Fircroft, LLC ("Fircroft, LLC") purportedly
employed Plaintiff on or around July 13, 2011 until November 7, 2013 as a Tank
Specialist for the Caspian Sea Project in Russia. Plaintiff seeks recovery from
Defendants for wages owed under the employment contract in place between
Plaintiff and Fircroft, LLC.

Fircroft, LLC makes this limited appearance for the sole purpose of filing its
Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of
Civil Procedure 12(b)(2). Fircroft, LLC lacks sufficient contacts with this forum to

1

support general jurisdiction. There is no meaningful contact between the activities in this forum and the alleged events giving rise to Plaintiff's claim that would support specific jurisdiction. Consequently, Fircroft, LLC asks this Court to dismiss this suit on the basis of lack of personal jurisdiction.

## I.   BACKGROUND

### A. Fircroft, LLC is a Russian entity with little or no connection to Texas.

Fircroft, LLC is a Russian entity whose legal name is *Общество с ограниченной ответственностью "Феркрофт."*[1] Fircroft, LLC maintains its corporate offices and principal place of business in Russia.[2] Its management and board of directors' meetings are located in Russia.[3]  Fircroft, LLC does not have an office in Texas, nor does it engage any continuous or systematic business in Texas.[4] It is not a subsidiary of Fircroft International, Inc.[5] Fircroft, LLC is not registered to do business in Texas, nor do they pay taxes or own real property in Texas.[6]  It does not perform services or sell goods in Texas or the territorial waters of Texas.[7]

### B. Plaintiff's jurisdictional allegations are bare-bones and insufficient.

The best jurisdictional allegation that Plaintiff can muster is a conclusory assertion that Fircroft, LLC had "continuous and systematic" affiliations with the

---

[1] *See* Declaration of Marc Prager, attached hereto as Exhibit A, ¶ 2. The translation of *Общество с ограниченной ответственностью "Феркрофт"* is Limited Liability Company "Fircroft."
[2] Exhibit A, ¶ 6.
[3] Exhibit A, ¶ 6.
[4] Exhibit A, ¶ 7.
[5] Exhibit A, ¶ 5.
[6] Exhibit A, ¶ 7, 10.
[7] Exhibit A, ¶ 10.

State of Texas.[8] Plaintiff also bases jurisdiction on the assertion that Fircroft, LLC has a designated agent within the state of Texas and is a wholly owned subsidiary of Fircroft International, Inc. Setting aside these broad form allegations—all of which are refuted in the declaration attached hereto[9]—Plaintiff's jurisdictional allegations are stripped down to employment contract negotiations with Fircroft, LLC while Plaintiff was residing in Houston, and Plaintiff allegedly signing the employment contract in his home in Houston. In reality, both Fircroft, LLC's and this dispute's connection to Texas is even less than that alleged by Plaintiff.

### C. The Parties' dealings were focused on Russia.

This lawsuit ultimately arises out the employment relationship between Plaintiff and Fircroft, LLC. Fircroft, LLC provides professional contract staffing services. Fircroft, LLC employed Plaintiff as a Tank Specialist for the Caspian Sea Project by Chevron Neftegaz, Inc. ("Chevron"). Chevron pre-selected Plaintiff for employment and requested that Fircroft, LLC transition Plaintiff to the Caspian Sea Project.[10] An employment contract was entered into by Plaintiff and Fircroft, LLC.[11] A true and correct copy [12] of the employment contract is attached to this Memorandum as Exhibit B. Under the terms of the contract, Plaintiff was to be employed as a tank specialist for work in Moscow, Novorossiysk, Astrakhan,

---

[8] See Pl.'s Original Compl. at ¶ 5.
[9] Exhibit A, ¶ 5, 7.
[10] Exhibit A, ¶ 11.
[11] See Exhibit B.
[12] Exhibit A, ¶ 12-14.

Stavropol and Elista for a three-year term.[13] The employment contract set forth Plaintiff's salary and other expenses that Fircroft, LLC would pay.[14] The employment contract consistently references Russian legislation.[15] Therefore, any disputes between the parties arising in the course of the employment contract are to be governed by Russian law.[16]

## II.   ARGUMENT

The Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2), because the Court cannot exercise personal jurisdiction over Fircroft, LLC. Particularly, (1) Fircroft, LLC does not have sufficient "minimum contacts" with Texas under either specific or general jurisdictional analysis to support the exercise of personal jurisdiction, and (2) the exercise of personal jurisdiction over Fircroft, LLC would not comport with traditional notions of fair play and substantial justice.

Whether a court has personal jurisdiction over a defendant is a question of law. *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir. 1999). In addition, a plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert denied*, 115 S.Ct. 322 (1994)).

---

[13] Exhibit B, ¶ 1.3.
[14] Exhibit B, ¶ 3.
[15] *See, e.g.*, Exhibit B, ¶¶ 3.10, 4.2, 4.4.7, 5.2.4, 6.3, 6.6, 7.1, 7.2, 8.1, 8.5, 8.6, and 9.2.
[16] Exhibit B, ¶ 9.1.

A federal district court may exercise personal jurisdiction over a nonresident defendant only if: (1) the long arm statute of the forum allows the exercise of jurisdiction; and (2) the exercise of personal jurisdiction comports with constitutional due process requirements. *See Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute authorizes service of process on a non-resident defendant if the defendant "does business" in Texas. TEX. CIV. PRAC. REM. CODE § 17.042. Because "does business" has been interpreted to reach as far as Constitutionally possible, personal jurisdiction analysis collapses into a single inquiry: whether the exercise of personal jurisdiction comports with constitutional due process requirements. *See* TEX. CIV. PRAC. & REM. CODE § 17.041, *et seq.*; *Religious Tech Ctr. v. Liebreich,* 339 F.3d 369, 373 (5th Cir. 2003).

A court's exercise of personal jurisdiction over a nonresident defendant comports with constitutional due process requirements only when: (1) that defendant has established "minimum contacts" with the forum; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *See Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

**A. Fircroft, LLC does not have sufficient minimum contacts with the United States to justify the exercise of personal jurisdiction over them.**

A defendant's "minimum contacts" may give rise to either general or specific jurisdiction, depending on the nature of the suit and the defendant's relationship to the forum state. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). A court may exercise general jurisdiction over a non-forum defendant if the defendant has "continuous and systematic" contacts with the forum. *Id.* Where these "continuous and systematic" contacts are lacking, a court may still exercise specific jurisdiction when "(1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Id*. Of course, if neither of the tests are satisfied, the exercise of personal jurisdiction is not proper. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, there is no factual or legal basis for asserting either jurisdiction over Fircroft, LLC.

**1. Fircroft, LLC does not have substantial, continuous, and systematic contacts with Texas to be subject to general jurisdiction.**

When a plaintiff alleges general jurisdiction, as Plaintiff has done here, the minimum contacts inquiry is broader and more demanding—generally requiring a greater number of regular, ongoing contacts. *See Jones,* 954 F.2d at 1068. A court may assert general jurisdiction over a party only if its "contacts are sufficiently

systematic and continuous as to support a reasonable exercise of jurisdiction." *Stuart v. Spademan,* 772 F.2d 1185, 1190-91 (5th Cir. 1985). Such contacts must also be "substantial." *See Wilson,* 20 F.3d at 650-51.

Given the higher standard for contacts required to assert general jurisdiction, the United States Supreme Court has rarely upheld general jurisdiction, as demonstrated by its recent decisions on personal jurisdiction. *See, e.g., Daimler AG v. Bauman*, 124 S.Ct. 746 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ___, 131 S.Ct. 2846 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. ___, 131 S.Ct. 2780 (2011). The Fifth Circuit has also consistently imposed the high court's high standard when ruling on general jurisdiction and is reluctant to assert general jurisdiction over nonresident defendants even when the contacts with the forum are quite extensive. *See, e.g.*, *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction even though the defendant routinely arranged and received shipments to and from Texas and regularly sent sales people to Texas to develop business, negotiate contracts, and service national accounts); *Wilson*, 20 F.3d at 650-51 (refusing to assert general jurisdiction notwithstanding defendants' many contacts with State of Texas).

In *Helicopteros Nationales de Colombia v. Hall*, the United States Supreme Court outlined the limits of general jurisdiction, holding that a foreign corporation's

contacts with Texas were insufficient to satisfy due process requirements. *Helicopteros Nationales de Colombia v. Hall*, 466 U.S. 408, 419-18 (1984). Specifically, the Supreme Court held that a Colombian corporation's contacts with Texas, which consisted of travel to Texas by the company's CEO, negotiations in Texas, the acceptance of checks drawn on a Texas bank, purchases of various equipment from a Texas manufacturer, and numerous training trips to Texas, were insufficient to allow a Texas court to assert jurisdiction over the foreign entity. *Id.*

Other cases further demonstrate the limitations of general jurisdiction by explaining the level of extensive contacts necessary to assert general jurisdiction. In *Perkins v. Benguet Consolidated Mining Co.*, for example, the nonresident defendant's contacts with the forum state were so pervasive that they were tantamount to the defendant being domiciled in the forum state. *See Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-48 (1952). The Supreme Court found that the company in *Perkins* was effectively *headquartered in the forum state* and, accordingly, held that the exercise of general jurisdiction would not violate due process. *See id.* at 448 (emphasis added). *Perkins* was decided over 50 years ago and yet is the only case in which the United States Supreme Court has upheld the exercise of general jurisdiction. *See id.* at 437; *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 167 (Tex. 2007) (stating that *Perkins* is the *only* case in which the Supreme Court has found general jurisdiction). When nonresident defendants have

not approached the level of extensive, continuing contacts found in *Perkins*, however, courts have consistently refused to assert general jurisdiction over them. *See Helicopteros*, 466 U.S. at 416-18; *Wilson*, 20 F.3d at 650-51.

Fircroft, LLC's contacts do not approach the requisite level of contacts detailed by the court in *Perkins*. It does not currently have any contact with the State of Texas.[17] It does not perform services, sell goods, or do other work in Texas or the territorial waters of Texas.[18] Furthermore, Fircroft, LLC does not have employees in the United States.[19] Fircroft, LLC is not a wholly owned subsidiary of Fircroft International, Inc.[20] It does not maintain any bank accounts in the United States[21] nor conduct meetings of directors in the United States.[22] Moreover, Fircroft, LLC does not maintain an office or registered agent for service of process in Texas.[23] It is not even registered to do business in Texas or any other state.[24] It does not pay taxes in Texas, own real property in Texas, or keep Texas phone numbers.[25] Ultimately, Fircroft, LLC simply does not actually conduct any substantial, continuous or systematic business in the United States.[26] Fircroft, LLC's activities in Texas are far less than the non-forum defendant's actions in *Helicopteros*. As

---

[17] Exhibit A, ¶¶ 7-10.
[18] Exhibit A, ¶ 10.
[19] Exhibit A, ¶ 7.
[20] Exhibit A, ¶ 5.
[21] Exhibit A, ¶ 10.
[22] Exhibit A, ¶ 6.
[23] Exhibit A, ¶ 9.
[24] Exhibit A, ¶ 10.
[25] Exhibit A, ¶ 10.
[26] Exhibit A, ¶ 7.

such, Fircroft, LLC's contacts with the United States are not continuous, systematic or substantial.

Plaintiff has not satisfied his burden such that the Court may exercise general personal jurisdiction over Fircroft, LLC because he cannot do so. *See Jones*, 954 F.2d at 1067. Fircroft, LLC's contacts with the United States, if any, cannot be characterized as continuous, systematic, or substantial and the Court should not exercise general jurisdiction over it. *See Perkins*, 342 U.S. at 448; *Jones*, 954 F.2d at 1068. Accordingly, Fircroft, LLC's Motion to Dismiss for Lack of Personal Jurisdiction should be granted.

### 2. The Court does not have specific jurisdiction because Fircroft, LLC did not purposely avail itself of the privileges of conducting activities in the forum state.

When a defendant's activities in the forum state are not sufficiently continuous or systematic to establish general jurisdiction—as is the situation in this case—jurisdiction is proper only if the particular cause of action at issue arises from the defendant's activities in the forum. *See Jones*, 954 F.2d at 1068. "Specific personal jurisdiction exists over a non-resident defendant if the defendant has 'purposely directed' his activities at the residents of the forum, and the litigation results from alleged injuries that "arise from or relate to" those activities." *Williams v. Castro*, 21 F. Supp. 2d 691, 693 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Under this standard, the Court must examine "the relationship

among the defendant, the forum, and the litigation." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1170 (5th Cir. 1985). Accordingly, contacts with the United States must be significant to justify the exercise of personal jurisdiction.

In determining whether a defendant has certain minimum contacts with the forum state, the "operative consideration is that the defendant's contacts with the forum were deliberate, rather than fortuitous, so that the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable, if not foreseen, rather than a surprise." *Standard Fittings Co. v. Sapag, S.A.*, 625 F.2d 630, 643 (5th Cir. 1980) (quoting *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 496 (5th Cir. 1974)), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981). Courts have consistently held "random," "fortuitous," or "attenuated" contacts are insufficient to subject a non-resident defendant to suit in a forum. *See Helicopteros*, 466 U.S. at 411-12, 416.

A nonresident's contract with a forum state plaintiff, standing alone, does not establish sufficient minimum contacts. *See Colwell Realty Invs. v. Triple T Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986). Nor does the exchange of communications in the course of developing and carrying out a contract conclusively demonstrate purposeful availment. *Renoir v. Hantman's Associates, Inc.*, 230 Fed. Appx. 357, 360 (5th Cir. 2007).[27] "Otherwise, jurisdiction could be exercised based only on the

---

[27] Opinion attached as <u>Exhibit C</u>.

fortuity that one of the parties happens to reside in the forum state." *Id.*  Instead, the Fifth Circuit also considers the contemplated place of performance of the contract, contractual choice-of law provisions, and the place of the subsequent breach in determining whether there is personal jurisdiction. *See Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1030 (5th Cir. 1983); *Morris v. B.C. Olympiakos, SFP*, 721 F. Supp. 2d 546, 568 (S.D. Tex. 2010); *see also*, *Jones*, 954 F.2d at 1069 (stating that forum-selection and choice-of-law provisions "indicate rather forcefully" that defendant "did not purposefully direct its activities towards Texas").

An employment relationship between the forum plaintiff and non-forum defendant is also not enough by itself to constitute minimum contacts. *Williams*, 21 F. Supp. 2d at 694. If a non-resident employer does not affirmatively reach into the state of Texas in order to obtain employees, "the requisite minimum records just do not exist such that Defendant could reasonably anticipate being haled into court in Texas." *Id.* In *Williams*, the plaintiff sued the non-forum defendant for damages suffered over the course of plaintiff's employment with the defendant. However, the plaintiff initially contacted the defendant about employment, not vice versa, and as such, "it was 'mere fortuity' that [p]laintiff happened to be a Texas resident." *Id.*

As an example of the type of contacts that are insufficient to establish specific jurisdiction, in *Hydrokinetics, Inc.*, the Fifth Circuit held that a business transaction, which involved more substantial contact with the forum than in the case at hand, did

not give rise to specific personal jurisdiction over the defendant. *Hydrokinetics, Inc.*, 700 F.2d 1026. In that case, a dispute arose over an Alaskan company's performance under a contract in which: (1) the Alaskan company agreed to purchase goods to be manufactured in Texas; (2) payment for the goods was to be made in Texas; (3) extensive communications occurred in Texas; (4) employees of the Alaskan company traveled to Texas to "close" the deal; and (5) the contract was "accepted" in Texas. *Id.* at 1028-29. Despite these contacts, the Fifth Circuit held that specific jurisdiction was lacking, as such contact was inadequate to give rise to personal jurisdiction over a nonresident. *Id.*

Similarly, in *Stuart v. Spademan*, the Fifth Circuit again held that a foreign defendant's contacts with Texas, which were more substantial than any contacts Fircroft, LLC is even accused of, did not give rise to specific jurisdiction. *See Stuart*, 772 F.2d 1185. In *Stuart*, the plaintiffs attempted to establish personal jurisdiction based upon the fact that the nonresident defendant: (1) entered into a contract with a Texas resident; (2) shipped goods to the plaintiffs in Texas; (3) exchanged letters and telephone calls regarding the matter to the plaintiffs who resided in Texas; and (4) entered into an agreement containing a choice-of-law provision applying Texas law. *Id.* at 1192. Despite these contacts, the Fifth Circuit agreed with the district court in holding that Texas did not have specific personal jurisdiction over the defendant.

Plaintiff makes no factual allegations to support exercising personal jurisdiction over Fircroft, LLC. This case's only alleged relationship to the forum is Plaintiff residing in Texas. Furthermore, the assertion that: (1) Fircroft, LLC entered into an employment contract with Plaintiff, a current Texas resident, (2) Fircroft, LLC and Plaintiff communicated by email to discuss the employment terms while Plaintiff was living in Texas, and (3) Plaintiff signed the contract at his home in Texas do not rise to the same level as the contacts the Fifth Circuit found to be insufficient in *Hydrokinetics* and *Stuart.*

Furthermore, no specific jurisdiction exists because the employment contract between Plaintiff and Fircroft, LLC contemplated employment in Russia, [28] contained a Russian choice-of-law clause, [29] and included a forum selection provision in Russia.[30] Fircroft, LLC never availed itself of the benefits of conducting business in Texas. In short, Fircroft, LLC conducted business in Russia and sought the protection of Russian legislation

Lastly, Fircroft, LLC did not recruit Plaintiff for the Tank Specialist position, nor did it affirmatively reach into the Texas to staff the Tank Specialist position.[31] Fircroft, LLC's client, Chevron Neftegaz, Inc., pre-selected Plaintiff for the Caspian

---

[28] Exhibit B, ¶ 1.3.
[29] Exhibit B, ¶ 9.1.
[30] Exhibit B, ¶ 9.1.
[31] Exhibit A, ¶¶ 10, 11.

Sea Project in Russia and presented Plaintiff to Fircroft, LLC to transition. [32]

Applying *Williams*, it was "mere fortuity" that Plaintiff was a Texas resident and this contact is insufficient to establish jurisdiction over Fircroft, LLC. *See Williams*, 21 F. Supp. 2d at 694.

In summary, Plaintiff's claims against Fircroft, LLC do not have a relationship sufficient to justify this Court's exercise of specific personal jurisdiction. Fircroft, LLC is a non-resident defendant who did not purposefully direct its activities at Texas residents and Plaintiff's claims are based on a contract for the performance of services in Russia. Accordingly, the Court should dismiss Defendant Fircroft, LLC from this action for lack of personal jurisdiction.

**B. Exercising personal jurisdiction over Fircroft, LLC would violate traditional notions of fair play and substantial justice.**

A court should consider factors relating to traditional notions of fair play and substantial justice only after the court finds the defendant has sufficient minimum contacts with the forum state to support the exercise of personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 476. Where such contacts are lacking, a court should not undertake that analysis. *See id*. Because Fircroft, LLC lacks the required minimum contacts with the State of Texas necessary to support the exercise of

---

[32] Exhibit A, ¶ 11.

personal jurisdiction, as set forth above, the Court need not evaluate the factors relating to traditional notions of fair play and substantial justice. *See id*.

Even if the Court does consider these factors, the exercise of personal jurisdiction over Fircroft, LLC is not justified.  Maintaining the suit would not comport with traditional notions of fair play and substantial justice. In deciding whether it would be fair to subject a non-resident defendant to suit in a foreign state, courts consider "the burden on the defendant, the interest of the forum state, and the plaintiff's interest in obtaining relief." *Morris*, 721 F. Supp. 2d at 570 (citing *Asahi Metal Industry v. Superior Court of California*, 480 U.S. 102 (1987)). Significantly, a finding that it would be "fair" to maintain an action against a non-resident is insufficient to vest the court with personal jurisdiction over a defendant lacking "minimum contacts" with the forum state. *Stuart*, 772 F.2d at 1191-92 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Thus, the principal focus of the due process inquiry is on the defendant's contacts with the forum state. *See id*.

Allowing Plaintiff to force a non-resident such as Fircroft, LLC to litigate in Texas offends all notions of fair play, substantial justice, and traditional concepts of personal jurisdiction. *See id.* As discussed at length above, Fircroft, LLC's contacts with Texas are minimal.[33] Fircroft, LLC is a foreign entity that does not conduct any

---

[33] Exhibit A, ¶¶ 6, 7, 10.

16

business in Texas, it has not sought to conduct business in Texas, it does not maintain an office or any employees in Texas, and have not availed themselves of the rights and privileges of Texas law in any way related to Plaintiff's lawsuit.[34]

It will place a significant and unjustifiable burden on Fircroft, LLC to litigate this matter in Texas. It would be compelled to locate and assemble documents from various locations in Russia to complete discovery.[35] Fircroft, LLC's employee witnesses are located in Russia.[36] Its employees would be compelled to expend an inordinate amount of time and money traveling to Texas to defend this lawsuit against Plaintiff.[37] Accordingly, Plaintiff's claims against Fircroft, LLC should be dismissed for lack of personal jurisdiction.

## III.  CONCLUSION

Fircroft, LLC does not have continuous and systematic contacts with Texas. Nor does Fircroft, LLC purposefully avail itself to the benefits and protections of Texas law. As such, this Court cannot exercise personal jurisdiction over Fircroft, LLC, and Fircroft, LLC respectfully request that the Court grant Defendant Fircroft, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and dismiss Plaintiff's claims.

---

[34] Exhibit A, ¶¶ 6, 7, 9, 10.
[35] Exhibit A, ¶¶ 14.
[36] Exhibit A, ¶¶ 14.
[37] Exhibit A, ¶¶ 14.

Respectfully Submitted,

MONTY & RAMIREZ LLP

JANICE LU
Texas SBN: 24087948
Fed. I.D. No. 2302144
150 West Parker Road, 3rd Floor
Houston, Texas 77076
Phone: (281) 493-5529
Facsimile: (281) 493-5583
Email: jlu@montyramirezlaw.com
**OF COUNSEL FOR**
**DEFENDANT FIRCROFT, LLC**

*/s/ Daniel N. Ramirez*
DANIEL N. RAMIREZ
Texas SBN: 24039127
Fed. I.D. No.: 36216
150 West Parker Road, 3rd Floor
Houston, TX 77076
Phone: (281) 493-5529
Facsimile: (281) 493-5983
Email: dramirez@montyramirezlaw.com
**ATTORNEY-IN-CHARGE**
**FOR DEFENDANT FIRCROFT, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record for Plaintiff on November 26, 2014 via:

☐ Facsimile ☐ First Class Mail ☐ E-mail   ☐CMRRR
☒ Electronic Service Pursuant to Local Rules of the Southern District of Texas

**KENNARD BLANKENSHIP ROBINSON P.C.**
Alfonso Kennard, Jr.
Texas SBN: 24036888
Fed. I.D. No.: 713316
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

Ronald E. Dupree
Texas SBN: 24055433
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: ronald.dupree@kennardlaw.com
**OF COUNSEL FOR PLAINTIFF**

*/s/ Daniel N. Ramirez*
DANIEL N. RAMIREZ